Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS EDUARDO UZHCA, individually and on behalf of all others similarly situated,

                           Plaintiff,

   -against-

FELLOS NYC CONSTRUCTIONS CORP., CASTILLO CONTRACTORS INC., and ALFREDO FERNANDO BAQUIAX TACAM, as individual,

                          Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **LUIS EDUARDO UZHCA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

   **PRELIMINARY STATEMENT**

2. Plaintiff, **LUIS EDUARDO UZHCA, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **FELLOS NYC CONSTRUCTIONS CORP., CASTILLO CONTRACTORS INC., and ALFREDO FERNANDO BAQUIAX TACAM, as individual**, (hereinafter referred to as "Defendant"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at FELLOS NYC CONSTRUCTIONS CORP. and CASTILLO CONTRACTORS INC., located at 7802 18th Avenue, 1st Floor, Brooklyn, New York 11214.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, LUIS EDUARDO UZHCA, residing at 6912 32nd Avenue, Jackson Heights, New York 11377, was employed by Defendant at FELLOS NYC CONSTRUCTIONS CORP. and CASTILLO CONTRACTORS INC. from in or around June 2013 until in or around December 2019.
9. Upon information and belief, Defendant, FELLOS NYC CONSTRUCTIONS CORP., is a corporation organized under the laws of New York with a principal executive office at 7802 18th Avenue, Brooklyn, New York, 11214.
10. Upon information and belief, Defendant, FELLOS NYC CONSTRUCTIONS CORP., is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant, CASTILLO CONTRACTORS INC., is a corporation organized under the laws of New York with a principal executive office at 7802 18th Avenue, Brooklyn, New York, 11214.
12. Upon information and belief, Defendant, CASTILLO CONTRACTORS INC., is a corporation authorized to do business under the laws of New York.

13. Defendants, FELLOS NYC CONSTRUCTIONS CORP., and CASTILLO CONTRACTORS INC., are hereinafter collectively referred to as the "Corporate Defendants."
14. At all times relevant to this action, the Corporate Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).
15. At all times relevant to this action, the Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and employed and/or jointly employed Plaintiff.
16. Upon information and belief, the Corporate Defendants shared common management, as all are operated by individual Defendant, ALFREDO FERNANDO BAQUIAX TACAM.
17. Upon information and belief, the Corporate Defendants shared a common owner as individual Defendant, ALFREDO FERNANDO BAQUIAX TACAM, was an owner for both Corporate Defendants.
18. Upon information and belief, the Corporate Defendants shared the same pay practices to pay employees, including the Plaintiff.
19. Upon information and belief, the Corporate Defendants managed the same properties.
20. Upon information and belief, the Corporate Defendants functioned as an integrated enterprise.
21. As such, the Corporate Defendants were joint employers of Plaintiff from in or around June 2013 until in or around December 2019.
22. Upon information and belief, Individual Defendant, ALFREDO FERNANDO BAQUIAX TACAM, owns and operates the Corporate Defendants.
23. Defendant, ALFREDO FERNANDO BAQUIAX TACAM, is an agent of the Corporate Defendants.
24. Defendant, ALFREDO FERNANDO BAQUIAX TACAM, has power over personnel decisions for the Corporate Defendants, including the power over all personnel decisions as to Plaintiff.
25. Upon information and belief, Defendant, ALFREDO FERNANDO BAQUIAX TACAM, has power over payroll decisions for the Corporate Defendants, including

the power to set Plaintiff's pay, adjust Plaintiff's pay, and determine the manner and frequency in which Plaintiff was paid.

26. Defendant, ALFREDO FERNANDO BAQUIAX TACAM, has the power to hire and fire employees, including the Plaintiff, for the Corporate Defendants.

27. Defendant, ALFREDO FERNANDO BAQUIAX TACAM, establishes employees' wages, set employees' work schedules, and maintains employees' employment records, including Plaintiff, for the Corporate Defendants.

28. Defendant, ALFREDO FERNANDO BAQUIAX TACAM, would inform Plaintiff where he would need to go to perform work, would advise Plaintiff what time to arrive at the job site and would provide Plaintiff his pay.

29. Defendant, ALFREDO FERNANDO BAQUIAX TACAM, would supervise Plaintiff on job sites and instruct Plaintiff on what tasks needed to be performed.

30. During all relevant times herein, Defendant, ALFREDO FERNANDO BAQUIAX TACAM, was Plaintiff's employer within the meaning of the FLSA and NYLL.

31. On information and belief, FELLOS NYC CONSTRUCTIONS CORP., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

32. On information and belief, CASTILLO CONTRACTORS INC., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

33. Plaintiff, LUIS EDUARDO UZHCA, was employed by Defendants at FELLOS NYC CONSTRUCTIONS CORP. and CASTILLO CONTRACTORS INC., from in or around June 2013 until in or around December 2019.

34. During Plaintiff, LUIS EDUARDO UZHCA'S employment by Defendants at FELLOS NYC CONSTRUCTIONS CORP., and CASTILLO CONTRACTORS INC., Plaintiff's primary duties were as a carpenter, while performing other miscellaneous duties from in or around June 2013 until in or around December 2019.

35. Plaintiff, LUIS EDUARDO UZHCA, was paid by Defendants approximately $150.00 per day from in or around July 2014 until in or around December 2019.

36. Plaintiff, LUIS EDUARDO UZHCA, worked approximately sixty-six (66) or more hours per week at FELLOS NYC CONSTRUCTIONS CORP., and CASTILLO CONTRACTORS INC., from in or around July 2014 until in or around December 2019.

37. Plaintiff regularly worked six (6) days per week and approximately eleven (11) hours per day.

38. Although Plaintiff, LUIS EDUARDO UZHCA, worked approximately sixty-six (66) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

40. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

41. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

43. Collective Class: All persons who are or have been employed by the Defendants as carpenters, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

44. Upon information and belief, Defendants employed 25 to 35 employees within the relevant time period who were subjected to similar payment structures.

45. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

46. Defendants' unlawful conduct has been widespread, repeated, and consistent.

47. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

48. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

49. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

50. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

51. The claims of Plaintiff are typical of the claims of the putative class.

52. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
55. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
56. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
57. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
58. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
60. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
63. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
66. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).
67. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
69. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

70. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 7th day of July 2020

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---
LUIS EDUARDO UZHCA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

FELLOS NYC CONSTRUCTIONS CORP., CASTILLO CONTRACTORS INC., and ALFREDO FERNANDO BAQUIAX TACAM, as individual,

Defendants.
---

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**FELLOS NYC CONSTRUCTIONS CORP.**
**7802 18TH AVENUE**
**BROOKLYN, NEW YORK 11214**

**CASTILLO CONTRACTORS INC.**
**7802 18TH AVENUE**
**BROOKLYN, NEW YORK 11214**

**ALFREDO FERNANDO BAQUIAX TACAM**
**7802 18TH AVENUE**
**BROOKLYN, NEW YORK 11214**